**Affirmed and Opinion filed July 20, 2017.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-16-00353-CR

**JOSE GUADELUPE GUERRERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1292569**

## O P I N I O N

Appellant Jose Guadelupe Guerrero appeals his murder conviction in two issues. We affirm.

### I.  BACKGROUND

On the evening of January 8, 2010, Officer R. Cantu responded to a shooting-in-progress call at appellant's home. When Cantu arrived at the scene, Officer M. Peters and paramedics were already there. The bedroom was in disarray, and it

looked as if there had been a struggle. Appellant was pacing around with blood on his hands. Martha Escamilla, appellant's girlfriend, was lying on the floor on her back in a pool of blood close to the bed. Escamilla had been shot in the head. According to Cantu and one of the paramedics, the gun (a semiautomatic 9-millimeter handgun) was laying near the foot of the bed. Peters recovered the gun from the bed and secured it in a container within the trunk of his patrol car for "safekeeping" and "officer safety." Cantu took appellant outside to preserve the scene. Appellant kept saying to Cantu and Peters that Escamilla "shot herself," but one time appellant told them that he "shot her."

Sergeant R. Nunez and Officer C. Duncan with the Crime Scene Unit documented and collected evidence at the scene. Nunez photographed and collected the gun from the trunk. Nunez and Duncan performed forensic analysis involving the gun. Officer E. Castaneda with the homicide division obtained appellant's videotaped statement. According to appellant, immediately after shooting herself, Escamilla threw the gun onto the bed before she collapsed.

Appellant was indicted for felony murder and proceeded to trial in April 2016. On the fourth day of testimony, the State presented the trial court with police disciplinary records involving 21 employee complaints against Peters dating from April 2010 to June 2015 that had been sustained.[1] Because the records were material for purposes of *Brady v. Maryland*, 373 U.S. 83 (1963), the trial court provided them to appellant to prepare for cross-examination of Peters.[2] The next day, appellant filed a motion for continuance, arguing that appellant needed additional time to

---

[1] The appellate record contains the file regarding Peters's complaint history. The sustained allegations include: not properly documenting sick leave, failing to attend scheduled in-service training, not timely qualifying an on-duty weapon, not completing reports relating to a crash and a child custody call, and insubordination.

[2] The State disclosed Peters as a potential expert witness over two years before trial.

gather information about the specifics of the disciplinary actions to determine their relevance and materiality to any alleged statement made by appellant in Peters's presence and for potential spoliation claims. The State reported that Peters was not available to testify due to his mental and physical condition. The trial court heard and denied appellant's motion.

Also during trial, while appellant's statement was being played to the jury, two of Escamilla's adult children were shaking their heads and making facial expressions of surprise. The trial court determined that no juror was influenced by the children's behavior. The trial court instructed the jurors not to consider such behavior during their deliberations. Appellant moved for a mistrial, and the trial court denied the motion.

The jury returned a verdict of "guilty" and assessed appellant's punishment at confinement for 99 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely appealed.

## II. ANALYSIS

### A. Motion for continuance

In his first issue, appellant contends that the trial court erred in denying his motion for continuance.[3] Appellant argues that because Peters retrieved the gun from the scene and placed it in the trunk of his police car, and because Peters has a history of police misconduct, the trial court should have given appellant time to gather additional information about such misconduct and its relevance and materiality to any statements appellant made in Peters's presence and for potential

---

[3] During the hearing on his motion for continuance, appellant raised a due-process challenge under the Fourteenth Amendment of the U.S. Constitution and a due-course-of-law challenge under article I, section 19, of the Texas Constitution. However, appellant raises no constitutional challenge on appeal.

spoliation of evidence.

Article 29.13 of the Texas Code of Criminal Procedure provides that the trial court may grant a continuance after trial has begun "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." Tex. Code Crim. Proc. art. 29.13 (West 2015). We review a trial court's ruling on a motion for continuance during trial for an abuse of discretion. *Barney v. State*, 698 S.W.2d 114, 126–27 (Tex. Crim. App. 1985); *Bautista v. State*, 474 S.W.3d 770, 777 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). We do not disturb the trial court's ruling on a continuance absent an abuse of discretion. *Williams v. State*, 768 S.W.2d 337, 341 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd); *Freeman v. State*, 736 S.W.2d 154, 157 (Tex. App.—Houston [14th Dist.] 1987, no pet.). We examine the circumstances presented to the trial court to determine whether the trial court abused its discretion. *Bautista*, 474 S.W.3d at 778.

To establish an abuse of discretion, an appellant must show that the trial court erred in denying the motion for continuance and that the denial actually and specifically prejudiced appellant's defense. *See Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (per curiam) (citing *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995)), *cert. denied*, 522 U.S. 825 (1997); *Lowrey v. State*, 469 S.W.3d 318, 327 (Tex. App.—Texarkana 2015, pet. ref'd); *Nwosoucha v. State*, 325 S.W.3d 816, 825–26 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). That a party "merely desired more time to prepare does not alone establish an abuse of discretion." *Janecka*, 937 S.W.2d at 468; *see Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (bare assertion regarding inadequate time to interview potential State's

4

witness does not alone establish abuse of discretion (citing *Heiselbetz*, 906 S.W.2d at 512)), *pet. denied*, 553 U.S. 1080 (2008).

Even assuming without deciding that the trial court erred by denying appellant's motion for continuance, appellant has not shown he was prejudiced. Appellant speculates that further review of Peters's disciplinary history may have revealed police misconduct which somehow compromised appellant's statements or physical evidence (namely, the gun). However, mere speculation about evidence that a defendant might have developed if the continuance were granted is not sufficient to demonstrate harm. *See Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006) ("Case-law requires more than this type of speculation to justify an appellate reversal of a case for a trial court's failure to grant a continuance."); *Nwosoucha*, 325 S.W.3d at 825 ("Speculation will not suffice to obtain reversal for a trial court's failure to grant a continuance.").

Appellant cites *Tanguma v. State*, 47 S.W.3d 663, 680 (Tex. App.—Corpus Christi 2001, pet. ref'd), *disapproved of on other grounds*, *Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003), and asserts generally that he was unable to effectively cross-examine witnesses and unable to adduce crucial testimony from a potential witness.[4] Appellant, however, fails to support such assertions with any specific evidence. *See Janecka*, 937 S.W.2d at 468; *De Vaughn v. State*, 239 S.W.3d 351, 355 (Tex. App.—San Antonio 2007, pet. ref'd) (bare assertion that defense was "diminished" did not establish actual prejudice (citing *Heiselbetz*, 906 S.W.2d at

---

[4] The record reflects that appellant cross-examined the State's witnesses who testified about appellant's statement regarding having shot Escamilla and about the location, removal, and collection of the gun as evidence. During closing, appellant argued how, despite appellant's alleged statement that he shot Escamilla, appellant was not immediately charged and arrested and instead proceeded to cooperate and provide a videotaped statement. Appellant also highlighted the fact that, despite being the first officer on the scene who retrieved the gun and put in in his trunk, Peters did not testify.

5

511–12)). Appellant also does not explain any specific benefit to him that would have resulted from a delay of the proceedings. *See Cooper v. State*, 509 S.W.2d 565, 567 (Tex. Crim. App. 1974). Like the appellant in *Tanguma*, appellant never presented any evidence showing how the trial court's denial of his motion for continuance specifically and actually prejudiced his defense. *See* 47 S.W.3d at 682 (no abuse of discretion in denying continuance where appellant made no showing of any specific harm). There is no showing what testimony a continuance would have permitted appellant to discover and produce, or to further develop on cross-examination. Appellant has failed to show what substantive difference the denial of the continuance made.

On this record and based on the circumstances as presented to the trial court, we conclude that appellant has not shown he was harmed by the denial of his motion for continuance such that the trial court abused its discretion. We overrule appellant's first issue.

## B. Motion for mistrial

In appellant's second issue, he argues that the trial court erred by denying his motion for mistrial due to incurable tainting of the jury during the presentation of his videotaped statement.

A mistrial is a device used to halt trial proceedings where error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000); *Smith v. State*, 491 S.W.3d 864, 872 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). We review the denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Smith*, 491 S.W.3d at 872. We must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App.

6

2010), *cert. denied*, 564 U.S. 1020 (2011). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). We determine whether a given error necessitates a mistrial by examining the particular facts of the case. *Ladd*, 3 S.W.3d at 567; *Smith*, 491 S.W.3d at 872.

Conduct from a witness, bystander, or spectator that interferes with the normal proceedings of a trial will not result in reversible error unless the defendant shows a reasonable probability that the conduct interfered with the jury's verdict. *Coble*, 330 S.W.3d at 292; *Landry v. State*, 706 S.W.2d 105, 112 (Tex. Crim. App. 1985) (citing *Ashley v. State*, 362 S.W.2d 847 (Tex. Crim. App. 1963), *cert. denied*, 372 U.S. 956 (1963)), *cert. denied*, 479 U.S. 871 (1986). "Instructions to the jury are generally considered sufficient to cure improprieties that occur during trial." *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Generally, we presume that a jury follows the trial court's instructions. *Id.* The Texas Court of Criminal Appeals has held that the trial court's correction of and instruction to the jury to disregard improprieties that occur is sufficient to continue a trial without declaring a mistrial. *See, e.g.*, *Coble*, 330 S.W.3d at 290–93 (mistrial not necessary where two witnesses while testifying made spontaneous emotional outbursts involving crying and expletives, and trial court instructed jury to disregard each outburst); *Gamboa*, 296 S.W.3d at 580 (same where during testimony victim's relative shouted, "You did this for 200 dollars?" and trial court instructed jury to completely disregard outburst); *Ashley*, 362 S.W.2d at 850–51 (same where victim's widow made outcry during closing arguments and trial court instructed jury to disregard statement and incident).

In this case, the children's behavior (facial expressions of surprise and head-shaking) was even less severe than that in *Coble*, *Gamboa*, and *Ashley*. It did not

involve verbal outbursts or any extreme physical conduct. In addition, the trial court performed an inquiry and confirmed that no juror would be influenced by the children's behavior when determining appellant's credibility. The trial court promptly instructed the jury not to consider that behavior in any way during deliberations. *See Coble*, 330 S.W.3d at 293; *Gamboa*, 296 S.W.3d at 580; *Ashley*, 362 S.W.2d at 851. Nothing in the record suggests that the jury was unable to follow this instruction, and there was no further mention of the children's behavior at trial. *See Coble*, 330 S.W.3d at 293; *Gamboa*, 296 S.W.3d at 580.

Nevertheless, appellant contends that it was impossible to cure the prejudice against him resulting from the behavior of Escamilla's children just as it is impossible to "un-ring a bell," to forget the wound from a "thrust of the saber," and to not smell "a skunk [thrown] into the jury box." We disagree. That the victim's children would express their disagreement with appellant's statement to police was hardly unexpected. The nonverbal behavior, while improper, was not inflammatory. The remainder of appellant's videotaped statement was published to the jury without incident. We cannot conclude that the children's behavior during appellant's statement was "of such a nature that the jury could not ignore it and fairly examine the evidence in arriving at a verdict." *See Gamboa*, 296 S.W.3d at 580.

Appellant failed to show a reasonable probability that the conduct interfered with the jury's verdict. *See Coble*, 330 S.W.3d at 292–93; *Gamboa*, 296 S.W.3d at 580. Therefore, the trial court did not abuse its discretion by denying appellant's motion for mistrial. We overrule appellant's second issue.

### III. CONCLUSION

Accordingly, we affirm the trial court's judgment.

/s/    Marc W. Brown
        Justice

Panel consists of Justices Boyce, Jamison, and Brown.
Publish — TEX. R. APP. P. 47.2(b).