

# NUMBER 13-19-00575-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GILBERT COLUNGA,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Benavides**

Appellant Gilbert Colunga appeals his conviction of aggravated assault causing serious bodily injury, a second-degree felony enhanced by habitual felony offenses. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 22.02. By his sole issue, Colunga argues that the trial

court erred by denying his motion for mistrial. We affirm.

## I.   BACKGROUND

Colunga was indicted for aggravated assault causing serious bodily injury to his then-girlfriend, Lisa Ramonas. *See id.* At trial, Ramonas testified that on February 11, 2018, Colunga repeatedly hit her with his fists until she fell to the floor. The assault lasted approximately another ten minutes, breaking her nose, lacerating her face, and leaving several bruises. Colunga provided a video recorded confession to law enforcement, which was admitted into evidence at trial, wherein he admitted that he hit Ramonas because she was using witchcraft against him and stated that he accepted responsibility for his actions.

Colunga's mother testified at the guilt-innocence phase about what she witnessed on the night of the assault. The following exchange occurred during cross examination:

| [State:] | Isn't it true that you don't want your son to go to prison? |
|---|---|
| [Mother:] | Of course not. |
| [State:] | Isn't it true that you know if he's found guilty there's at least a chance he'll go to prison? |
| [Mother:] | Oh, I know that. |
| [Defense:] | Objection. That's a punishment question. |
| [Trial Court:] | Sustained. |
| [Defense:] | And at this time I'm gonna ask that the jury be given an instruction to disregard that last answer and question. |
| [Trial Court:] | The jury will disregard that last answer, and the motion |

2

for mistrial is denied. You can go ahead and sit down now.

The jury found Colunga guilty, and the trial court sentenced him to forty years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. This appeal followed.

## II.    MOTION FOR MISTRIAL

Colunga argues that his mother's statements, coupled with the trial court's failure to grant a mistrial, caused a prejudicial error that infringed upon his constitutional right to a fair trial.

We note that, although the record reflects that the trial court denied a motion for mistrial, it does not show that Colunga ever made such a motion. To preserve an alleged error for appeal, an appellant must make a timely request, objection, or motion to the trial court that "stated the grounds for the ruling that the complaining party sought . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). For purposes of this analysis, we assume but do not decide that the issue is preserved for appeal.

### A.    Standard of Review

We defer to the trial court's decision to deny a request for a mistrial so long as it is reasonable. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). Appellate courts apply an abuse of discretion standard when reviewing a trial court's motion for mistrial. *Archie v. State*, 340 S.W.3d 734, 738–39 (Tex. Crim. App. 2011); *Webb v. State*, 232

3

S.W.3d 109, 112 (Tex. Crim. App. 2007). We do not substitute our discretion for that of the trial court; instead, we analyze if the trial court was arbitrary or unreasonable in its decision making. *Webb,* 232 S.W.3d at 112.

## B.    Applicable Law and Discussion

"A mistrial is a device used to halt trial proceedings where error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Guerrero v. State*, 528 S.W.3d 796, 801 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). Mistrial is appropriate only as a last resort in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Because it is an extreme remedy, a mistrial should be granted only when residual prejudice remains after less drastic alternatives are explored. *Id.* at 884–85 (quotation omitted). "Error in the admission of improper testimony is usually cured by the trial court's instruction to the jury to disregard." *Coe v. State*, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984).

The question of whether a mistrial should have been granted involves largely the same considerations that attend a harm analysis. *Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). We balance the severity of the misconduct (*i.e.,* the prejudicial effect), any curative measures, and the certainty of conviction absent the misconduct. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Here, we cannot discern any prejudicial misconduct on the part of the prosecutor or witness. Moreover, curative measures were taken—namely, the

4

trial court promptly instructed the jury to disregard the statements. *See Martinez,* 17 S.W.3d at 692–93; *Mosley v. State,* 983 S.W.2d at 259. Colunga alleges that the harm flowing from the statements made by his mother were not remedied by the motion to disregard. However, Colunga has failed to show any lingering prejudice or anything in the record indicating that the jury ignored the trial court's instruction to disregard, so it is assumed that the jury followed this instruction. *See Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999).

Finally, there was ample evidence presented during trial that Colunga would have been convicted of the assault regardless of the statements. This evidence includes: Colunga's video confession that he hit Ramonas because he believed she was using witchcraft against him and that he accepted responsibility for his actions; testimony from Ramonas; two emergency room physicians' testimony of the injuries; physical evidence (including towels, bedsheets, and clothing) containing Ramonas's blood; testimony from the responding officer; and Colunga's statement that his mother witnessed the assault from the threshold of the bedroom. This evidence would almost certainly have led the jury to find him guilty regardless of his mother's statements. *See Hawkins*, 135 S.W.3d at 77; *Hinojosa*, 4 S.W.3d at 253 (finding abundant physical evidence rendered improper testimony inconsequential).

Looking at the totality of the circumstances, we conclude that the curative instruction was sufficient. *See Freeman*, 340 S.W.3d at 728; *Coe* 683 S.W.2d at 436. The trial court did not err in denying the motion for mistrial. We overrule Colunga's sole issue.

### III.    Conclusion

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
17th day of June, 2021.

6