**Opinion filed September 29, 2023**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00035-CR

_____

## DONALD RAY STONE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR25659**

## M E M O R A N D U M   O P I N I O N

A jury convicted Donald Ray Stone, Appellant, of the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2022). The jury found the two prior enhancements alleged in the indictment to be "true" and assessed his punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* PENAL § 12.42(d) (West 2019). The trial court sentenced Appellant accordingly.

Appellant raises three issues on appeal. First, Appellant contends that the trial court violated his due process rights when it overruled his fourth motion for continuance. Second, Appellant asserts that the trial court's admission of the laboratory report through the police officer, rather than the analyst who tested the substance, and the officer's testimony from the report, violated Appellant's Sixth Amendment Confrontation Clause rights. Third, Appellant argues that the trial court abused its discretion during the punishment phase by allowing testimony that Appellant had been initially arrested for capital murder, when he was ultimately convicted for the offense of injury to a child. We affirm.

*Factual and Procedural History*

While on duty the evening of August 17, 2017, Officer Jared Spohn of the Brownwood Police Department observed a vehicle traveling fifty-four miles per hour in a forty-mile-per-hour zone.[1] Officer Spohn activated his patrol unit's overhead lights, which signaled Appellant, the driver and sole occupant of the vehicle, to pull over. Once Appellant pulled off the main road, he "continued to slowly roll in his vehicle for a block or two" before stopping. Officer Spohn noticed that Appellant took his foot on and off the brake "a couple times" before putting the vehicle in park. Once Officer Spohn made contact with Appellant, he noticed signs of intoxication; Officer Spohn testified that Appellant's eyes were "glazed over," his breath had an odor of alcohol, and he fumbled with several items while looking for his identification. Officer Spohn conducted three standardized field sobriety tests (SFSTs): horizontal gaze nystagmus (HGN), walk-and-turn, and one-leg stand. Following these tests, Appellant was arrested because Officer Spohn determined that

_____

[1]By the time of trial, Jared Spohn had become a detective with the Brownwood Police Department. Because he was an officer at the time of the arrest, we refer to him as "Officer Spohn" to reflect his capacity during the incident.

Appellant was likely intoxicated and "over the legal limit." Officer Spohn obtained a search warrant for a sample of Appellant's blood, and a sample was taken at Brownwood Regional Medical Center. The lab report indicated that Appellant's blood alcohol content was .253.[2]

On May 19, 2018, nine months after his arrest, Appellant entered Iron House Men's Sober Living Community (the program). Two supervisors in the program wrote letters to the trial court on Appellant's behalf: the Onsite Director, Chuck Robinson, as well as the Director of Addiction Ministries, Dan Hosch. These letters appear to correspond to each of the four trial settings and motions for continuance filed by Appellant. While they all reflected Appellant's progress within the program, none of the letters addressed his need for a continuance or indicated that his attendance at the three-day trial would significantly or negatively affect his progress.

Trial was initially set for July 6, 2018. Appellant filed his first motion for continuance on July 5, requesting a delay because of his participation in the program. The trial court granted the continuance and rescheduled trial for December 3, 2018. Appellant filed his second motion for continuance on November 27, 2018, stating the same grounds as the first motion. The trial court granted the continuance and rescheduled trial for March 4, 2019. Appellant filed his third motion for continuance on February 8, 2019, stating the same grounds as the previous two motions. The trial court granted the continuance and rescheduled trial for April 29, 2019.

At docket call on the morning of April 11, Appellant filed his fourth motion for continuance, stating the same grounds as the previous three, but this time

---

[2]At trial, pursuant to Articles 38.41 and 38.42 of the Texas Code of Criminal Procedure and Rules 803(6) and 902(10) of the Texas Rules of Evidence, the State offered a certificate of analysis and chain of custody affidavit, the laboratory report, a disclosure form, and a statement of qualifications for the analyst. *See* TEX. CODE CRIM. PROC. ANN. arts. 38.41, 38.42 (West 2018); TEX. R. EVID. 803(6), 902(10). The trial court admitted the evidence over Appellant's objections.

specifying that "Defendant needs additional time to complete the program," and that its completion would have "substantial mitigating value for his defense." The State opposed the fourth motion for continuance but did not dispute any of Appellant's representations. Instead, the State said that the case has been pending for "some time" and that it had been "continued multiple times." After reviewing the file and stating that "each time [the case has] been delayed, it's been delayed really for the same reason," the trial court denied the fourth motion for continuance "[u]nder the totality of the circumstances." Appellant filed a motion for reconsideration, which the trial court denied. Trial began on April 29, as scheduled.

The trial lasted three days. Appellant was not present for the reading of the jury's guilty verdict or the punishment proceedings. In that regard, Appellant voluntarily did not appear beginning on the third day of trial.[3] During the punishment phase, the State presented evidence in support of its enhancement allegations. In one enhancement paragraph, the State alleged that Appellant was previously convicted of the felony offense of injury to a child. For this conviction, Lieutenant Scott Bird of the Brown County Sheriff's office testified, in response to the State's questions, that Appellant had been initially arrested for capital murder.[4] After Lieutenant Bird answered, Appellant objected to the statement, and the trial court overruled his objection as untimely.

The jury returned a punishment verdict of life in prison. The trial court accepted the verdict but was not able to formally pronounce the sentence due to

---

[3]Appellant had absconded. The jury was merely informed by the trial court at the beginning of the third day of trial: "Attorney for the State is present. Attorney for the Defense is present. The Defendant is not present. We will be proceeding forward without his presence because his absence is determined to be voluntarily absent, so we will proceed without him."

[4]Nothing in the record corroborates Lieutenant Bird's statement that Appellant was initially arrested for capital murder. The State conceded on appeal that "additional supporting evidence was not offered in this case."

Appellant's absence. Appellant was arrested almost two years later in Oklahoma, returned to Brown County, and formally sentenced.

*Analysis*

I. *Motion for Continuance*

In Appellant's first issue, he argues that the trial court's denial of his fourth motion for continuance violated his due process rights. He argues that this denial prevented him from completing his voluntary alcoholism treatment at the program, and this would have provided the presentation of additional mitigating evidence during the punishment phase of trial.

A. *Standard of Review and Applicable Law*

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (citing *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)). A defendant must satisfy a two-prong test to show reversible error predicated on the denial of a pretrial motion for continuance. *See Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). First, the defendant must show that "the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Id.* (quoting George E. Dix & Robert O. Dawson, 42 *Texas Practice Series: Criminal Practice & Procedure* § 28.56 (2d ed. 2001)). Second, the defendant must show that he was actually prejudiced by the denial of his motion. *Id.* An appellant must demonstrate "with considerable specificity how [he] was harmed by the absence of more preparation time than he actually had." *Id.* at 842–43. The trial court has wide discretion in ruling on a motion for continuance. *See id.* at 842; *Gallo*, 239 S.W.3d at 764; *see also* CRIM. PROC. arts. 29.06(6), 29.07 (West 2006).

The requirements to establish an abuse of direction and prejudice apply where, as here, the appellant attempts to impart special constitutional significance to the denial of a continuance. *Gonzales*, 304 S.W.3d at 841–43; *Gallo*, 239 S.W.3d at 764; *see also Miller v. State*, No. 05-22-00307-CR, 2023 WL 4700634, at *4 (Tex. App.—Dallas July 24, 2023, no pet.) (mem. op., not designated for publication); *Roberts v. State*, No. 12-22-00053-CR, 2023 WL 4681165, at *7 (Tex. App.—Tyler July 21, 2023, no pet.) (mem. op., not designated for publication); *Carlile v. State*, No. 02-19-00468-CR, 2021 WL 5506864, at *5 (Tex. App.—Fort Worth Nov. 24, 2021, pet. ref'd) (mem. op., not designated for publication)). Moreover, "[i]n the absence of an abuse of discretion, there generally can be no violation of due process." *Nwosoucha v. State*, 325 S.W.3d 816, 828 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir.1981)); *see Lavoie v. State*, No. 11-12-00296-CR, 2014 WL 4662340, at *2 (Tex. App.—Eastland Sept. 18, 2014, pet. ref'd) (mem. op., not designated for publication). As the Supreme Court has stated, "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly the reasons presented to the trial judge at the time the request is denied." *Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

B. *Analysis*

Here, Appellant has failed to establish either *Gonzales* prong. Even without the evidence Appellant desired, he had substantially similar mitigating evidence at his disposal. Appellant still could have introduced evidence that he had completed eleven months of the twelve-month program. Witnesses still could have testified about Appellant's participation in the program even if it was not complete. The trial

court noted as much when it reconsidered the motion for continuance. Further, trial had been set three previous times; the first trial setting was approximately nine months prior to the final trial setting. *See Hafti v. State*, 487 S.W.2d 745, 747 (Tex. Crim. App. 1972) ("This being a third motion it is addressed necessarily to the discretion of the trial court."). Both parties estimated trial would last about two days. Appellant's case for delay is not "so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Gonzales*, 304 S.W.3d at 843.

Appellant has failed to establish prejudice as well. To establish prejudice, Appellant must point to a specific showing of harm. *Id.* Appellant argues that, had the trial court granted the fourth continuance, Appellant would have had additional evidence and witnesses during the punishment phase of trial. The only specific evidence Appellant points to on appeal is a certificate of completion for the program. But Appellant does not state how the absence of the certificate harmed him other than its further value as "mitigating evidence." *See De Vaughn v. State*, 239 S.W.3d 351, 355 (Tex. App.—San Antonio 2007, pet. ref'd) (bare assertion that defense was "diminished" did not establish actual prejudice (citing *Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995)). Absent the continuance, Appellant could still have called Robinson and Hosch as witnesses to testify as to Appellant's lengthy and consistent participation in the program and his anticipated continuance therein. Appellant does not specify which "additional witnesses" he would have called, why the witnesses could not be called during the punishment phase, the substance of their testimony, or how the lack of this unspecified testimony harmed Appellant. Courts have routinely held that "this type of speculation" is insufficient to show harm. *Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006); *see*

*Heiselbetz*, 906 S.W.2d at 512; *Guerrero v. State*, 528 S.W.3d 796, 800 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *Nwosoucha,* 325 S.W.3d at 825.

Appellant does not satisfy either *Gonzales* prong; therefore, we cannot conclude that the trial court abused its discretion when it denied Appellant's fourth motion for continuance. Because the trial court did not abuse its discretion, the denial did not violate Appellant's due process rights. *See Lavoie*, 2014 WL 4662340, at *2; *Nwosoucha*, 325 S.W.3d at 828. Appellant's first issue is overruled.

II. *Appellant did not preserve his Confrontation Clause issue for Appellate Review*

In his second issue, Appellant argues that the trial court's admission of the laboratory report through Officer Spohn, rather than the analyst, and Officer Spohn's testimony from the report, violated Appellant's rights under the Confrontation Clause of the Sixth Amendment. Appellant contends that trial counsel could not adequately cross-examine Officer Spohn because he "knew nothing about the analysis of the physical evidence, the chain of custody, or the laboratory methods," and Appellant could not "interrogate the three-page report which served as a poor substitute for the human laboratory analyst."

A. *Standard of Review*

We review the trial court's admission of evidence under an abuse of discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006); *Render v. State*, 347 S.W.3d 905, 917 (Tex. App.—Eastland 2011, pet. ref'd). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or when it acts arbitrarily or unreasonably. *Rhomer*, 569 S.W.3d at 669 (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). Therefore, we uphold a trial court's ruling on admissibility if it is within the "zone of reasonable disagreement."

*Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021) (quoting *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001)).

However, when the admissibility of the evidence involves a constitutional legal ruling, we apply a de novo standard of review to the constitutional ruling. *Woodall v. State*, 336 S.W.3d 634, 642 (Tex. Crim. App. 2011); *Wall*, 184 S.W.3d at 742–43; *Smith v. State*, 631 S.W.3d 484, 494 (Tex. App.—Eastland 2021, no pet.); *Render*, 347 S.W.3d at 917. Although we review constitutional rulings de novo, we still defer to the trial court's determination of historical facts and credibility. *Woodall*, 336 S.W.3d at 642.

### B. *Applicable Law*

To preserve error for review, the appellant must make a timely and specific objection. TEX. R. APP. P. 33.1(a); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). "Confrontation Clause claims are subject to this preservation requirement." *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010). Moreover, the objection at trial must correspond with the issue raised on appeal. *Turner*, 805 S.W.2d at 431. In this regard, "[a]n objection stating one legal basis may not be used to support a different legal theory on appeal." *Edwards v. State*, 97 S.W.3d 279, 287 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

"To properly preserve an issue concerning the admission of evidence for appeal, 'a party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded.'" *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (quoting *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring)). Although no "magic words" are required, "[t]he objection must merely be sufficiently clear to provide the trial judge and opposing counsel an opportunity to address and, if necessary, correct the

purported error." *Id.* (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)).

### C. *Analysis*

Appellant alleges that the laboratory report and Officer Spohn's testimony from the report violated the Confrontation Clause. In this regard, Appellant asserts that the analyst's certification, as well as the laboratory report results, are "testimonial" within the meaning of the Confrontation Clause. Because Appellant failed to lodge a timely, specific Confrontation Clause objection to the admission of the laboratory report, which includes the certificate of analysis and chain of custody affidavit, and his objection to Officer Spohn's testimony does not comport with his issue on appeal, he has failed to preserve error on both arguments.

At trial Appellant objected to the admission of the laboratory report and the related documents by stating, "[w]e object on hearsay, no sponsoring witness, [Texas Rule of Evidence] 403, relevance." The trial court overruled Appellant's objections by stating, "[t]hose objections, then, pursuant to Code of Criminal Procedure Article 38.41, are overruled. Under your 403 and 401 objections, those are overruled as well. It's admitted." Appellant did not raise an additional objection to the admission of the documents following the trial court's ruling.

Even if we construed Appellant's "no sponsoring witness" statement as an attempt to object on Confrontation Clause grounds, the statement was not specific enough to make the trial court aware that his complaint was on such grounds. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Davis*, 313 S.W.3d at 347. As a result, the trial court was never given the opportunity to rule on the Confrontation Clause argument that Appellant now makes on appeal.

Further, Appellant failed to preserve the Confrontation Clause issue as it relates specifically to the certificate. If a certificate of analysis substantially

10

complies with Article 38.41, a defendant must timely object *before* trial to preserve his Confrontation Clause objection. *Williams v. State*, 585 S.W.3d 478, 483–84 (Tex. Crim. App. 2019); *Henderson v. State*, No. 11-19-00320-CR, 2021 WL 3923328, at *3 (Tex. App.—Eastland Sept. 2, 2021, pet. ref'd); *see* CRIM. PROC. art. 38.41 § 4. The certificate of analysis substantially complies with article 38.41. *See Williams*, 585 S.W.3d at 483–84. The State filed the certificate of analysis two months before trial and served Appellant with a copy as well. *See* CRIM. PROC. art. 38.41 § 4. The certificate of analysis was attached to the State's notice, followed the form provided by article 38.41, and contained the information required by the seven subsections of Section 3. Appellant did not file any written objections to the certificate before trial, and he does not dispute that the certificate substantially complied with article 38.41 anywhere in the record or on appeal. Therefore, to the extent that Appellant argues that the trial court's admission of the certificate violates Appellant's rights under the Confrontation Clause, Appellant has waived this argument by failing to preserve it for our review.

As it relates to Officer Spohn's testimony on the report, Appellant's Confrontation Clause argument does not comport with the objection made at trial. As an initial matter, we note that Officer Spohn could properly read from the report and related documents once the evidence was admitted. Nevertheless, when Officer Spohn was asked to read the identification number of the lab report from the certificate of analysis, Appellant objected to this testimony under the best evidence rule.

> I'm going to object to Officer Spohn reading from the lab report. It speaks for itself. It's been admitted. It's authenticated. He has nothing to do with it. He doesn't know anything about it. For him to read it is a violation of the best evidence rule. The jury can read this thing. That's what the sponsoring -- the authenticating affidavit is for.

Appellant made no other objections to Officer Spohn's testimony on Confrontation Clause grounds. Because the issue on appeal failed to correspond to the objection at trial, Appellant has waived this argument.

Appellant has failed to preserve his Sixth Amendment Confrontation Clause arguments for our review. Accordingly, his second issue is overruled.

III. *Appellant's hearsay and Rule 403 objections were untimely and therefore did not preserve any alleged error for our review*

In his third issue, Appellant argues that the trial court abused its discretion during the punishment phase by allowing testimony, over Appellant's Rule 403 objection, that Appellant had been initially arrested for capital murder when Appellant was ultimately convicted of injury to a child for the offense. Appellant states that the prejudice towards him "clearly outweighs" the admitted evidence's probative value.

A. *Applicable Law*

As a prerequisite to presenting a complaint for appellate review, the record must show that Appellant made a specific and timely objection, and the trial court ruled on the objection. *See* TEX. R. APP. P. 33.1(a). "A complaint is timely if it is made 'as soon as the ground of objection becomes apparent.'" *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011) (quoting *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)). If a defendant "fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived." *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995); *see Davison v. State*, 602 S.W.3d 625, 649 (Tex. App.—Texarkana 2020, pet. ref'd) (citing *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008)).

B. *Analysis*

During the punishment phase of trial, the State questioned Lieutenant Bird about Appellant's prior criminal history. Relevant to this appeal, Lieutenant Bird testified, in response to the State's questions, that while convicted of the offense of injury to a child, Appellant had been initially arrested for capital murder. Appellant objected on hearsay and Rule 403 grounds and asked the trial court to instruct the jury to disregard that testimony. The trial court overruled Appellant's objections as untimely. In this regard, the State's questions and Lieutenant Bird's answers were as follows:

> [THE STATE]: And in reviewing [the indictment for the injury to a child offense], did you also review the state-kept criminal history for [Appellant]?
>
> [THE WITNESS]: I did.
>
> [THE STATE]: Were you able to determine the offense that resulted in the conviction for injury to a child in State's 8, what [Appellant] was initially arrested for?
>
> [THE WITNESS]: He was initially arrested for capital murder.
>
> [DEFENSE COUNSEL]: Judge, I'm going to object and ask the Court to instruct the jury to disregard. That's a hearsay answer. 403 objection.
>
> [THE COURT]: I'll overrule that objection in that the -- it was -- the answer was already given at the time, so it's overruled.

This line of questioning provided ample notice to Appellant's trial counsel to raise an objection. As shown in the record, the question regarding what Appellant "was initially arrested for" was asked and answered without a timely objection, which resulted in Lieutenant Bird testifying that Appellant was initially arrested for capital murder before the jury. The question regarding Appellant's arrest could have elicited a statement that constituted hearsay or evidence that was potentially

13

excludable under Rule 403. As asked, the question should have reasonably put Appellant's trial counsel on alert that the State might begin an improper line of questioning with regard to the evidence underlying the injury-to-a-child offense. In this regard, "if a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds." *Dinkins*, 894 S.W.2d at 355; *see also Zmolik v. State*, No. 10-09-00281-CR, 2010 WL 966148, at *3 (Tex. App.— Waco Mar. 10, 2010, no pet.) (mem. op., not designated for publication) ("The question asked by the State was clearly seeking a response as to the reason why Zmolik was to be arrested, and that response would have a high potential for the witness to give an objectionable response. The objection should have been lodged even before the officer's answer."). Where the question is objectionable, Appellant's trial counsel cannot wait to see if they like the answer that might be given before deciding to object. *Polk v. State*, 729 S.W.2d 749, 754 (Tex. Crim. App. 1987) ("gambling that the answer to a question calling for objectionable matter will be favorable, and then objecting when it proves not to be"). Here, trial counsel for Appellant waited until after the witness had responded. From a sterile transcription of the trial, we cannot discern the real-time gaps between questions and answers; absent other evidence we must defer to the trial court's discretion in determining the untimeliness of an objection.

Importantly, if there are legitimate reasons why trial counsel could not more promptly make an objection, they must offer those reasons to the trial court for its consideration on the record. *Dinkins*, 894 S.W.2d at 355. Although we are not obligated to review the record for legitimate grounds for the failure to timely object, we note that we do not see any in the record. Instead, Appellant stated in closing argument that he "was not alert enough while ago when Lieutenant Bird spit out the capital murder charge issue to object before he got it out." The fast-paced nature of

14

examining witnesses allows very little time for reflection and objection between an answer and the next question; nevertheless, the fast pace of examination is not, in and of itself, a legitimate reason to delay an objection. *Hollier v. State*, No. 14-99-01348-CR, 2001 WL 951014, at \*4 (Tex. App.—Houston [14th Dist.] Aug. 23, 2001, pet. ref'd) (not designated for publication). Without a legitimate reason for a delayed objection being offered to the trial court, the error is waived. *See Luna*, 268 S.W.3d at 604. Appellant did not argue any legitimate grounds for delay in making the objection at trial, and he does not do so on appeal. Moreover, on appeal, Appellant does not contest the trial court's ruling that his objection was untimely. Appellant ignores the issue of lateness of the objection and instead argues the merits of the Rule 403 objection. Because Appellant does not contest the trial court's ruling that the objection was untimely and, further, has not offered any justification for the delay, he has failed to preserve error on this issue. *Dinkins*, 894 S.W.2d at 355; *Marston v. State*, No. 11-05-00358-CR, 2007 WL 3197743, at \*8 (Tex. App.—Eastland Nov. 1, 2007, pet. ref'd) (not designated for publication).

The Court of Criminal Appeals has set a high standard for the timeliness of objections. *See Luna*, 268 S.W.3d at 604 (noting objection was untimely because it was made after the question asked was already answered); *Lagrone v. State*, 942 S.W.2d 602, 617–18 (Tex. Crim. App. 1997) (error waived where defense did not object immediately after the answer); *Dinkins*, 894 S.W.2d at 330 (error waived where defense objected after the answer, even though the question was facially improper). Intermediate courts have faithfully followed this precedent.[5]

---

[5]*See Interest of K.E.*, No. 02-20-00045-CV, 2020 WL 4360493, at \*9 (Tex. App.—Fort Worth July 30, 2020, pet. denied) (mem. op.); *Swilley v. State*, 465 S.W.3d 789, 795–96 (Tex. App.—Fort Worth,

Accordingly, Appellant has waived this issue.

We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

September 29, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2015, no pet.); *Remsnyder v. State*, No. 02-13-00314-CR, 2015 WL 831468, at *2 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication); *Boleware v. State*, No. 10-08-00336-CR, 2009 WL 4263682, at*3 (Tex. App.—Waco Nov. 25, 2009, no pet.) (mem. op., not designated for publication); *Consuelo v. State*, No. 05-07-00848-CR, 2008 WL 3578594, at *4 (Tex. App.—Dallas Aug. 15, 2008, pet. ref'd) (not designated for publication); *Conner v. State*, No. 12-06-00311-CR, 2008 WL 541739, at *5 (Tex. App.—Tyler Feb. 29, 2008, no pet.) (mem. op., not designated for publication); *Adams v. State*, No. 14-04-00536-CR, 2006 WL 299104, at *3 (Tex. App.—Houston [14th Dist.] Feb. 9, 2006, no pet.) (mem. op., not designated for publication); *Auguste v. State*, No. 08-99-00305-CR, 2002 WL 203088, at *6 n.2 (Tex. App.—El Paso Feb. 7, 2002, no pet.) (not designated for publication); *Hernandez v. State*, No. 05-98-01996-CR, 2000 WL 1177457, at *1–2 (Tex. App.—Dallas Aug. 21, 2000, no pet.) (not designated for publication); *Gray v. State*, No. 05-94-00835-CR, 1996 WL 403997, at *2 (Tex. App.—Dallas July 16, 1996, no writ) (not designated for publication).