**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 27, 2024.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-24-00212-CR

### IN RE JOSE GUADALUPE GUERRERO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1292569**

## MEMORANDUM OPINION

On March 22, 2024, relator Jose Guadalupe Guerrero filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Brian E. Warren, presiding judge of the 209th District Court of Harris County, to rule on

his "motion to investigate fraud upon the court." We requested a response to the petition from the real party in interest by May 2, 2024; however, no response has been filed.

On April 12, 2016, relator was convicted of murder and sentenced to ninety-nine years' imprisonment, which we affirmed. *See Guerrero v. State*, 528 S.W.3d 796 (Tex. App.—Houston [14th Dist.] July 2017, pet. ref'd). The Texas Court of Criminal Appeals refused relator's petition for discretionary review on January 10, 2018. Relator subsequently filed an application for a state writ of habeas corpus, which was denied on December 15, 2021. *See Ex Parte Guerrero*, No. WR-89,377-02, 2021 WL 5917201 (Tex. Crim. App. Dec. 15, 2021).

Thereafter, on July 19, 2023, Guerrero filed a motion with the trial court styled "motion to investigate fraud upon the court." On or about October 2, 2023, relator sent a letter advising that the motion had been pending for ten weeks, and relator requested a status report on the motion as well as a copy of the docket sheet. On November 1, 2023, relator filed a second request for status on his motion to investigate fraud on the court.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the trial court is a ministerial act. *In re Henry*, 525

S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *see also State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g).

Although a trial court has a ministerial duty to rule upon a motion that is properly and timely presented, a relator seeking mandamus relief must establish that the trial court "(1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time." *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding).

"When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." *State v. Patrick,* 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (consolidated appeal and orig. proceeding) (plurality op.). "Once the general jurisdiction of a trial court is exhausted, it has only limited jurisdiction to carry out a higher court's mandate and to perform functions specified by law, such as determining entitlement to postconviction DNA testing." *Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016) (footnotes omitted).

In this case, relator's conviction has been affirmed by the Texas Court of Criminal Appeals and mandate has issued. Thus, the trial court does not have jurisdiction over relator's motion to investigate fraud on the court because the trial court's general jurisdiction has expired. *See In re Holland*, No. 05-21-00435-CV, 2021 WL 4189954, at *1 (Tex. App.—Dallas Sept. 15, 2021, orig. proceeding) (mem. op.) (no showing of right to mandamus relief for failure to rule on pending

motion where trial court lacks jurisdiction to rule on motion).  Thus, the trial court had no ministerial duty to act on relator's motion.  *See In re Moulton*, No. 06-22-00035-CR, 2022 WL 1159536, at *1 (Tex. App.—Texarkana Apr. 19, 2022, orig. proceeding) (mem. op.).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Jewell, Bourliot, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).